PER CURIAM.
This case involves a dispute over the payment by a bank of proceeds from the redemption of certificates of deposit to one of two joint owners, and to the exclusion of the other.
Mrs. Duckett purchased four $10,000 certificates of deposit from the predecessor of the First Alabama Bank of Guntersville. She informed the bank that she wanted the certificates to be issued in both her name and her son’s name and specifically requested that they include a right of surviv-orship. In accordance with her instructions, the bank issued certificates payable to “Charles or Oneida Duckett.”
Some time after the purchase, Charles borrowed money from the bank, using the certificates as collateral. When he was unable to repay the loan, the bank directed Charles to cash the certificates and pay over the proceeds in satisfaction of the debt. Charles presented the certificates to the bank, the bank paid him the face amount and interest due, and Charles used the money to satisfy the delinquent debt.
Mrs. Duckett sued both Charles and the bank for wrongful conversion. The trial judge directed a verdict in favor of the bank, on the authority of Rankin v. First National Bank of Fairhope, 416 So.2d 738 (Ala.1982). Mrs. Duckett appeals from a judgment based on that directed verdict. Finding no substantive difference between the legal issues presented in this case and those in Rankin, we must affirm the trial court’s judgment.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and ADAMS, JJ., concur.